**THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PHILADELPHIA**

**ORLANDO EDNEY**, Plaintiff Pro-Se :

: **Civil Action No. 26-CV-588**

Vs. :

**P/O Rubin, P/O Vazquez, Commissioner, Bethel:**

**City of Philadelphia:** Defendant's

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

**Plaintiff, Orlando Edney proceeding pro-se, respectfully submits Amended Complaint and Jury Demand**

Plaintiff Orlando Edney, pro-se, files this First Amended Complaint against Defendant's City of Philadelphia, Police Commissioner Bethel, P/o Rubin, P/o Vazquez. Alleging as follows;

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343. As this action is brought pursuant to 42 U.S.C. 1983 to redress the deprivation of rights secured by the Fourth and Fourteenth Amendment to the United State Constitution.

Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1391(b) because the events giving rise to this claim occurred in the City of Philadelphia, Pennsylvania, within this judicial district.

Defendant City of Philadelphia is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania. The City of Philadelphia operates, manages, directs, and controls the Philadelphia Police Department (PPD). The City is a municipal entity subject to liability under 42 U.S.C. 1983 pursuant to ***Monell v. Department of Social Service.***

**Defendant, Bethel Police Commissioner is, and was at all times relevant to this Complaint, the Police Commissioner of the City of Philadelphia. As the head of the PPD, Defendant Commissioner is a chief policymaker for the City regarding police practices, customs, and training. Defendant Commissioner is sued in his individual and supervisory capacities.**

**Defendant, P/o Rubin is, and was at all times relevant to this Complaint, a police officer employed by the Philadelphia Police Department. At all times relevant, this Defendant acted under color of state law within the course and scope of their employment. This Defendant is sued in his individual capacity.**

**Defendant, P/o Vazquez is, and was at all times relevant to this Complaint, a police officer employed by the Philadelphia Police Department. At all times relevant, this Defendant acted under color of state law within the course and scope of their employment. This Defendant is sued in his individual capacity.**

## FACTUAL ALLEGATIONS REGARDING THE INCIDENT

1. On April 1st at approximately 9:40 p.m., Plaintiff was peacefully present at the public intersection of 65th Street and Dicks Avenue in Southwest Philadelphia.
2. At that time, Plaintiff did not pose firearm or weapon. Plaintiff was holding only a cigarette in one hand and a can of beer in the other hand.
3. Defendant Police Officer Rubin and Defendant Police Officer Vazquez arrived at the location in a marked Philadelphia Police Department patrol vehicle, drawing their department-issued firearms immediately upon exiting the vehicle.
4. Defendant Officers Rubin and Vazquez approached Plaintiff with their firearms pointed directly at Plaintiff's body.
5. Upon information and belief, Defendant Officers were responding to a 911 emergency radio call regarding a "Black male with a firearm in hand" at that location.
6. As Defendant Officers approached, Plaintiff immediately and fully complied with the officers' presence by raising both hands into the air, clearly displaying that Plaintiff held no weapon.
7. Defendant Officers shouted orders commanding Plaintiff to place the items down.

8. Seeking to comply completely with the officers' verbal directives, Plaintiff carefully leaned forward and placed the can of beer directly on the ground in front of Plaintiff's foot.
9. Immediately after placing the item down, Plaintiff rose back up and placed both hands back into the air to signal absolute compliance. Defendant Officers kept their firearms pointed directly at Plaintiff throughout this sequence.
10. Defendant Officers then flanked Plaintiff, with one officer approaching from the left side and the other officer approaching from the right side.
11. The officer approaching from the left side reached directly into Plaintiff's left pants pocket without a warrant, consent, or legal justification.
12. From Plaintiff's pocket, the officer retrieved a firearm magazine.
13. Upon retrieving the magazine, the officer screamed, "He got a gun!"
14. Immediately following this statement, and without giving any further verbal commands or evaluating the situation, Defendant Officers violently slammed Plaintiff face-first into the concrete ground.
15. At no time during this entire encounter did Plaintiff resist arrest, attempt to flee, disobey a verbal command, or pose any physical threat to Defendant Officers or the public.
16. The force applied by Defendant Officers was objectively unreasonable, excessive, and punitive.
17. As a direct result of being slammed into the ground by Defendant Officers, Plaintiff was knocked unconscious.
18. Plaintiff subsequently regained consciousness inside a Philadelphia Police Department transport vehicle (commonly referred to as a "wagon") while being transported to University of Pennsylvania Hospital at 54th Street and Cedar Avenue.
19. As a direct and proximate result of the excessive physical force used by Defendant Officers, Plaintiff sustained severe physical trauma, including a severely busted and bleeding lip, acute head and face trauma, and a significant contusion ("lump") on the top of Plaintiff's head.
20. All actions of Defendant officers Rubin and Vazquez were captured on their department issued body cameras, which conclusively establish Plaintiff's total compliance and the absence of any firearm in Plaintiff's hands.

21. Claims of excessive force during an arrest are governed by the Fourth Amendment's objective reasonableness standard. "***Graham v. Connor, 490 U.S. 386 (1989***). Whether force is objectively reasonable depends upon the totality of the circumstance.
22. This civil rights action under 42 U.S.C. § 1983 arises out of an egregious, unconstitutional stop-and-frisk, unlawful arrest, and deployment of excessive force by individual officers of the Philadelphia Police Department. Defendants ignoring decades of binding constitutional precedent. Because Plaintiff's Complaint contains detailed, plausible factual allegations that satisfy Rule 8(a), and because the underlying criminal case has already been dismissed in Plaintiff's favor.

## STATEMENT OF FACTS

On the date of the incident, individual Defendant Officers responded to a generalized, anonymous radio dispatch describing an individual at a Philadelphia intersection. The anonymous tip contained zero predictive information regarding future criminal conduct; it provided only static, visual descriptions of location and attire.

As captured on the Defendant Officers' own body-worn camera footage, Plaintiff was standing in public, engaged in completely lawful, non-suspicious, and non-evasive behavior. Without conducting an independent investigation or observing any suspicious conduct, Defendant Officers approached Plaintiff with weapons drawn, initiated a high-intensity physical detention, executed a non-consensual frisk, and utilized excessive physical force to arrest Plaintiff.

Plaintiff was subsequently subjected to criminal prosecution. In **August 2024**, a competent tribunal issued a complete dismissal of all related criminal charges in **Docket CP-51-CR-0002691**, establishing that the state's evidence lacked constitutional standing. Plaintiff thereafter filed this civil action against the individual officers and the Philadelphia Police Commissioner in his individual capacity.

### I. THE INDIVIDUAL OFFICERS LACKED REASONABLE SUSPICION BECAUSE THEY SEIZED THE PLAINTIFF BASED SOLELY ON AN UNCORROBORATED ANONYMOUS TIP DEVOID OF PREDICTIVE VALUE.

An anonymous tip, standing alone, does not generate the reasonable suspicion necessary to initiate an investigative detention or a "stop and frisk." ***Commonwealth v. Hawkins*, 692 A.2d 1068, 1070 (Pa. 1997); *Terry v. Ohio*, 392 U.S. 1 (1968).** The Pennsylvania Supreme Court established that for an anonymous tip to provide reasonable suspicion, it must contain **predictive information** regarding a suspect's future behavior, which police must independently corroborate before executing a seizure. Furthermore, the Supreme Court of Pennsylvania has made clear that independent grounds for reasonable suspicion. ***Commonwealth v. Hicks*, 208 A.3d 916, 947 (Pa. 2019).**

Here, the Defendant Officers relied strictly on a generic, localized anonymous radio broadcast. As recorded on the Defendant Officers' own body-worn camera footage, Plaintiff was engaged in entirely lawful, non-suspicious behavior at the time of the approach. The anonymous tip provided no predictive value regarding future illegal conduct, and the Defendant Officers failed to witness or identify any independent, ongoing suspicious activity before initiating the physical detention. Because the officers executed a high-intensity seizure based solely on a visual match of an uncorroborated, non-predictive anonymous broadcast, they violated clearly established law. Accordingly, Plaintiff has sufficiently pleaded a plausible Fourth Amendment claim against the individual officers.

## II. PLAINTIFF'S CRIMINAL DISMISSAL IN DOCKET NO. CP-51-CR-0002691-2024) CONSTRUCTIVELY DEMONSTRATES THE ABSENCE OF PROBABLE CAUSE, AND BODY CAMERA FOOTAGE DIRECTLY CONTRADICTS DEFENDANTS' FACTUAL ASSERTIONS.

Defendants' contention that the initial detention, frisk, and subsequent arrest were lawful is fundamentally incompatible with the underlying record. Plaintiff successfully litigated the related criminal matter arising directly from this unconstitutional seizure, which culminated in a **complete dismissal of all charges in August 2024 (Docket No. CP-51-CR-0002691-2024)**. This total termination of criminal proceedings in Plaintiff's favor strongly reinforces the plausibility of the civil complaint. A competent tribunal has already evaluated the state's purported justification and found it wanting, establishing that the evidence obtained during the encounter lacked the requisite constitutional foundation.

Furthermore, consider **undisputable authentic video evidence captured by police body cameras if the video is integral to or explicitly referenced in the pleadings**. *See, e.g.*, ***Scott v. Harris*, 550 U.S. 372, 380 (2007)** (*holding that courts must view the facts in the light depicted by videotape evidence when it contradicts the opposing party's version of events*). In this case, the Defendant Officers' body camera footage conclusively documents that Plaintiff complied with all commands, demonstrated no evasive behaviors, and exhibited no indicators of criminal activity. Because the video evidence directly refutes the individual officers' post-hoc justifications for excessive force and unlawful detention—and aligns with the **August 2024 dismissal** a clear dispute of material fact exists.

## III. THE COMPLAINT SUFFICIENTLY STATES A MONELL CLAIM HEREIN AGAINST THE POLICE COMMISSIONER, City of PHILADELPHIA, IN AN INDIVIDUAL CAPACITY FOR FAILURE TO TRAIN AND MONITOR.

To state a claim against a supervisory official under Section 1983, a plaintiff must allege that the supervisor, with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused the constitutional violation. ***A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).** A supervisor may be held liable in their individual capacity if they knew of, or were deliberately indifferent to, a systemic deficiency in training or monitoring that created an unreasonable risk of constitutional injury.

Plaintiff's complaint names the Philadelphia Police Commissioner, City of Philadelphia, individual capacity. The complaint alleges that the Commissioner, City of Philadelphia persistent, widespread custom of failing to properly train, supervise, and monitor subordinates regarding the strict constitutional limitations placed on anonymous dispatches under ***Hawkins* and *Hicks***. Publicly available police complaint statistics and internal affairs records demonstrate a well-documented, systemic pattern of Philadelphia police officers conducting unlawful stop-and-frisks based entirely on uncorroborated radio calls. Despite actual or constructive knowledge of these widespread violations, the Commissioner, City Of Philadelphia failed to implement mandatory remedial training or discipline offending officers. This deliberate indifference directly led to the Defendant Officers believing they could lawfully seize and use force against Plaintiff based on a raw anonymous tip, thereby establishing the necessary causal link to sustain a supervisory liability claim.

According to official public record released by Philadelphia's own Citizens Police oversight Commission (CPOC). The City faces systemic structural failures in how it processes misconduct, receiving over 1,500 civilian complaints alleging police misconduct annually.

Despite these widespread notices of misconduct, independent oversight audits reveal that the Police Department routinely permits officers who execute illegal searches, seizure, and excessive force to escape meaningful administrative discipline or retraining.

The actions of Defendant Officers in conducting a warrantless search, detaining Plaintiff without legal justification, and deploying violent physical force constituted an unreasonable search, seizure, and use of excessive force in violation of the Fourth and Fourteenth Amendments.

The objective BWC video evidence explicitly contradicts any assertion or subsequent police paperwork claiming that the search was lawful, or that Plaintiff resisted arrest provoked the use of force.

WHEREFORE; Plaintiff respectfully request that this Court enter judgement in favor of Plaintiff for compensatory damages, punitive damages (against the individual defendants) or any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

Orlando Edney, Plaintiff Pro-Se, hereby certify that on this, 7, 16, 2026 a true and correct copy of the foregoing "First Amended Complaint and Jury Demand" was served upon the Attorney of record for Defendants via First Class Mail;

Courtney C. Okwar, Esq.
City of Philadelphia, Law Department
1515 Arch Street, 14th Floor
Philadelphia, Pa. 19102

Clerk of Courts
United States District Court
601 Market Street Room # 2609
Philadelphia, Pa. 19106

## VERIFICATION

I, ORLANDO EDNEY, Plaintiff Pro-Se, understand that statements set forth in this certification are made subject to the penalties for unsworn falsification to authority, 18 Pa. C.S.A. 4904.

Date; 7 - 16 ,2026

[signature]

Orlando Edney, Plaintiff Pro-Se

11133 Templeton Drive

Philadelphia, Pa. 19154

ORLANDO EDNEY
11133 Templeton Drive
Philadelphia, PA. 19154

X-RA
USM




RECEIVED
JUL 20 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

To:
Clerk of Courts
United States District Court
601 Market Street, Room # 2609
Philadelphia, PA. 19106